UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM JOE SULLIVAN,<br><br>    Defendant. | Case No. 20-cv-03418-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Edward V. Ray, a prisoner currently incarcerated at the California Correctional Institution in Tehachapi, California, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a time-credit calculation decision. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

Ray is currently serving a term of 38 years and 4 months in prison. Docket No. 1 at 1. The petition in this action does not challenge that conviction or sentence, and instead challenges a time-credit calculation decision.

In 2017, Ray filed a petition for writ of habeas corpus to challenge a prison disciplinary proceeding in which he was found guilty and lost 130 days of time credits. This court granted relief on a due process claim in the petition and ordered that "[t]he May 9, 2014 prison disciplinary decision, and resulting loss of time credits, shall be vacated." Docket No. 18 at 10 in *Ray v. Kernan*, No. 17-cv-2634 SI.

In the present action, Ray is attempting to get those lost time credits restored, arguing that prison officials have miscalculated the time credits to which he is entitled. He alleges that prison officials have defied this court's order in Case No. 17-cv-2634 SI because they have only restored 105 of the 130 days of the time credits. In his view, he has an enforceable due process right to have 130 days of time credits restored.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Liberally construed, the allegations in the petition that Ray has a federally enforceable right to have his sentence calculated properly – and that includes a restoration of all the time credits that were forfeited – do not appear to be patently frivolous. A response to the petition is warranted.

The court notes that Ray misstates the order in Case No. 17-cv-2634 by repeatedly urging that the court ordered that 130 days of time credits be restored. *See, e.g.,* Docket No. 1 at 5, 7, 8. The court did not specify the exact number of days to be restored and instead stated that " the disciplinary decision, and the and resulting loss of time credits, shall be vacated." Docket No. 18 at 10 in *Ray v. Kernan*, No. 17-cv-2634 SI. Because of the complexities of time credit calculations – e.g., prisoners may serve their time at an 80% rate or may have lost credits restored – the court did not specify that 130 days be restored even though that was the forfeited amount stated in the disciplinary decision. The intention of the order in the 2017 case was to restore Ray to the position he had been in had a due process violation not occurred rather than to give him some sort of bonus

2

days of time credits.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall electronically serve a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on the petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 9, 2020**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the disciplinary hearing record that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 20, 2020.**

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: July 17, 2020

_____
SUSAN ILLSTON
United States District Judge