UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM JOE SULLIVAN,<br><br>    Respondent. | Case No. 20-cv-03418-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 4 |

Edward V. Ray filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a time-credit calculation decision. The court ordered respondent to show cause why the writ should not be granted. Respondent then filed a motion to dismiss the petition. Ray did not oppose the motion, and the deadline by which to do so has passed.

**BACKGROUND**

Ray is currently serving a term of 38 years and 4 months in prison. Docket No. 1 at 1. The petition in this action does not challenge that conviction or sentence, and instead challenges a time-credit calculation decision.

In 2017, Ray filed a federal petition for writ of habeas corpus to challenge a prison disciplinary proceeding in which he had been found guilty and assessed a credit loss of 130 days. This court granted relief on a due process claim in the petition and ordered that "[t]he May 9, 2014 prison disciplinary decision, and resulting loss of time credits, shall be vacated." Docket No. 18 at 10 in *Ray v. Kernan*, No. 17-cv-2634 SI (the "2017 habeas action").

In the present action, Ray contends that those lost time credits were not fully restored. He asserts that prison officials miscalculated the time credits to which he was entitled. He alleges that

prison officials defied this court's order in the 2017 habeas action because they only restored 105 of the 130 days of the time credits. In his view, he has an enforceable due process right to have 130 days of time credits restored.

In the order to show cause in the present case, the court took the opportunity to explain that, in the 2017 habeas action, it had not specifically ordered that 130 days of time credits be applied to Ray's sentence and instead had intended that its order return him to the situation he would have been in without the disciplinary decision:

> The court notes that Ray misstates the order in [the 2017 habeas action] by repeatedly urging that the court ordered that 130 days of time credits be restored. *See, e.g.,* Docket No. 1 at 5, 7, 8. The court did not specify the exact number of days to be restored and instead stated that " the disciplinary decision, and the resulting loss of time credits, shall be vacated." Docket No. 18 at 10 in *Ray v. Kernan*, No. 17-cv-2634 SI. Because of the complexities of time credit calculations – e.g., prisoners may serve their time at an 80% rate or may have lost credits restored – the court did not specify that 130 days be restored even though that was the forfeited amount stated in the disciplinary decision. The intention of the order in the 2017 case was to restore Ray to the position he had been in had a due process violation not occurred rather than to give him some sort of bonus days of time credits.

Docket No. 3 at 2-3.

Before filing this action, Ray filed habeas petitions in state courts asserting his claim that prison officials had not restored the full amount of time credits that had been forfeited. The Kern County Superior Court denied his petition in a reasoned decision. Docket No. 4 at 18. The California Court of Appeal and the California Supreme Court later summarily denied his petitions. *Id.* at 22, 65.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of

2

the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

Section 2254(d) generally applies to unexplained as well as reasoned decisions. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

B.  State Court Decision

The Kern County Superior Court rejected Ray's claim that officials from the California Department of Corrections and Rehabilitation (CDCR) failed to restore 130 days of credits after the disciplinary decision was set aside by this court in the 2017 habeas decision. Docket No. 4 at 18. The superior court observed that the restoration of time credits was affected by the fact that Ray's underlying conviction limited overall available credits to 15% of his sentence, *id.* at 19 (citing California Penal Code § 2933.1), and the fact that Ray could accumulate other future work/conduct credits regardless of the guilty finding on the RVR, i.e., if he "was working and/or taking part in programs, after the RVR violation and hearing, he would be accruing credits. The CDCR takes this into account when calculating loss or restoration of credits" and the earlier possible release date (EPRD). *See id.* at 19.

The superior court then explained that, when the time credits were initially forfeited due to the disciplinary decision's imposition of a 130-day credit forfeiture, CDCR officials added 110 days (rather than 130 days) to Ray's EPRD. "The reason for not adding the full 130 days to the EPRD is Petitioner's ability to earn 15% credits. He would therefore only serve 85% of the 130 days. 85% of 130 is 110. When time credits were restored . . . , Petitioner does not get the full 130 days

3

subtracted from his EPRD for the same reason. Instead, he gets a number of days which takes into account his credit earning capacity." *Id.* The superior court determined that Ray had received a full restoration of the time credits taken from him. *Id.* at 20.

The superior court did not separately discuss any federal constitutional issue. As mentioned earlier, the California Court of Appeal and the California Supreme Court later summarily denied Ray's petitions for writ of habeas corpus. As the last reasoned decision from a state court, the Kern County Superior Court's decision is the decision to which § 2254(d) is applied. *See Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018).

C. <u>Analysis</u>

Ray contends that he has a federally enforceable right to have his sentence calculated properly, including a restoration of *all* the time credits that had been forfeited in the disciplinary decision that was later set aside in the 2017 habeas action. Respondent argues that the dispute is moot because the time credits have been restored.

The parties focus on whether the credits were restored correctly rather than whether there is clearly established Supreme Court authority on the issue raised by Ray. The nature of the dispute requires application of a lesser-used provision of the statute guiding federal habeas relief. This case does not call upon the court to determine whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," and instead calls upon the court to determine whether the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1, 2).

Ray has not shown that the Kern County Superior Court's denial of his claim was based on an unreasonable determination of the facts in light of the evidence presented to it. The superior court explained that the credits were properly calculated when one takes into account the way time credits work for California prisoners, such as limitations on the overall credits that may be earned due to Ray's underlying sentence as well as Ray's ability to accumulate other work/conduct credits despite the disciplinary finding. And the superior court explained that, when the 130 days of credits

4

1    were ordered forfeited in the disciplinary decision, CDCR officials did not extend Ray's EPRD by
2    130 days but instead only extended it by 110 days because he was scheduled to serve only 85% of
3    his sentence. Given this, Ray has not shown that it was an unreasonable determination of the facts
4    for the Kern County Superior Court to determine that, when the disciplinary decision was vacated,
5    prison officials did not need to advance Ray's EPRD by the full 130 days. The determination of
6    this factual issue by the Kern County Superior Court is "presumed to be correct" in a federal habeas
7    proceeding. *Id.* at § 2254(e)(1). Ray failed to meet his "burden of rebutting the presumption of
8    correctness by clear and convincing evidence." *Id.* He therefore is not entitled to relief on his claim.

9          Respondent argues that this action is moot because the time credits properly were restored
10   to Ray. The court disagrees that the mootness doctrine applies to the situation. Respondent's
11   mootness argument presupposes that the time credit restoration was calculated correctly, but that is
12   the very point that Ray disputes. The essence of Ray's claim is that CDCR officials and the state
13   courts erroneously calculated the number of days of time credits that needed to be restored when
14   they acted after the disciplinary decision was set aside in the 2017 habeas action. If Ray was correct
15   on the facts, (a) there would be an "actual injury traceable to" the respondent's action because Ray
16   would be spending extra days in prison due to the miscalculation of his EPRD; and (b) that injury
17   would be "likely to be redressed by a favorable judicial decision" – i.e., the court could order relief
18   that would result in Ray not having to serve those extra days in prison. *See Lewis v. Continental*
19   *Bank Corp.*, 494 U.S. 472, 477 (1990). The mootness doctrine does not appear to be the correct
20   approach to this case because there are not changed circumstances that made a once-valid claim lose
21   its redressability; instead, the problem is that at no time in the life of this case was there a valid
22   claim for a due process violation. *Cf. Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015)
23   (denying existence of constitutional claim rather than holding claim to be moot where prisoner had
24   filed a successful administrative appeal that led to the removal of the incident report from his file
25   and the forfeited credits were restored); *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013)
26   (habeas petition challenging rejection of petitioner's application to elderly offender pilot program
27   was moot because the pilot program no longer existed and the relief requested was no longer
28   available); *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (habeas petition challenging

disciplinary decision was moot where the parties agreed that the time credit loss had been eliminated and the court found there were not collateral consequences present to bring the case within the exception to the mootness doctrine).

Even though the mootness doctrine does not apply to the case at hand, respondent's reasoning does show that Ray is not entitled to relief. As respondent argues, Ray already has had the lost time credits restored. The Kern County Superior Court determined that the CDCR's credit calculations were correct when the CDCR restored the time credits, and Ray has not overcome the presumption of correctness that applies to the superior court's factual determination. Ray has been restored to the position he was in had the disciplinary decision not existed. He was entitled to no better position vis-à-vis his time credits. His federal petition must be dismissed.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. Docket No. 4. The petition for writ of habeas corpus is DISMISSED. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 14, 2021

SUSAN ILLSTON
United States District Judge